UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

    CPJFK, LLC,

                      Debtor.
------------------------------------------------------------x

**NOT FOR PUBLICATION**

Chapter 11

Case No. 10-50566-CEC

## DECISION

APPEARANCES:

| | |
|---|---|
| Alan Nisselson, Esq.<br>Windels Marx Lane & Mittendorf LLP<br>156 West 56th Street<br>New York, NY 10019<br>Chapter 11 Trustee | Thomas Livolsi, Esq.<br>Lowenstein Sandler PC<br>1251 Avenue of the Americas, 18th Floor<br>New York, New York 10020<br>Attorneys for The New York Hotel & Motel<br>Trades Council, AFL-CIO and the Hotel Trades |
| Walter Drobenko, Esq.<br>Drobenko & Associates, LLC<br>25-84 Steinway Street<br>Astoria, NY 11103<br>Attorneys for Debtor | Council and Hotel Association of New York<br>City, Inc. Employee Benefit Funds<br><br>Barry N. Saltzman, Esq.<br>Pitta & Giblin, LLP<br>120 Broadway, 28th Floor |
| David H. Relkin, Esq.<br>Law Offices of David H. Relkin<br>575 8th Avenue<br>New York, NY 10018 | New York, New York 10271<br>Attorneys for The New York Hotel & Motel<br>Trades Council, AFL-CIO and the Hotel Trades<br>Council and Hotel Association of New York<br>City, Inc. Employee Benefit Funds |
| Fred B. Ringel, Esq.<br>Philip T. Simpson, Esq.<br>Robinson Brog Lenwand Genovese<br>   & Gluck P.C.<br>875 Third Avenue, 9th Floor<br>New York, New York 10022<br>Attorneys for Neshgold, LP | William E. Curtin, Esq.<br>Office of the U.S. Trustee<br>United States Bankruptcy Court<br>Eastern District of New York<br>271 Cadman Plaza East, Room 4529<br>Brooklyn, NY 11201 |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

Before this Court is the application of CPJFK LLC, the debtor, and its principals, Sunil Mir and Charles Morais, for a stay of this Court's order authorizing a sale of the debtor's assets (the "Sale Order"), pending appeal. The chapter 11 trustee of the debtor's estate, Alan Nisselson (the "Trustee"), Neshgold, LLC, the secured lender ("Neshgold"), the Hotel Trades Council and Hotel Association of NYC Inc. Employee Benefit Funds, The New York Hotel & Motel Trade Council, AFL/CIO (the "Union and Fund Creditors") oppose the motion. Familiarity with the background of this case, and with this Court's decision dated March 30, 2011 ("Decision") authorizing the sale is assumed.

At the hearing, the Debtor argued that the sale should be stayed to permit the Debtor to be restored to possession of the Hotel (as defined in the Decision) and to pursue confirmation of the Debtor's proposed Plan. To the extent that this may be viewed as a motion to reconsider under Bankruptcy Rule 9023 (which incorporates by reference Fed. R. Civ. P. 59), this Court's denial of the Debtor's application for a stay on March 16, 2011, or to reconsider the Sale Order, this application is denied.

As the district court noted in United States v. Sessa, Nos. 92-CR-351 (ARR), 97-CV-2079 (ARR), 2011 WL 867175¸ at *1 (E.D.N.Y. Mar. 8, 2011),

> Courts have recognized three major grounds justifying reconsideration pursuant to Rule 59(e): "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992).

Sessa, 2011 WL 867175¸ at *1

"A motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an occasion for making new arguments that could have been previously advanced."  <u>Associated Press v. U.S. Dep't of Def.</u>, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).

Here, no change of controlling law or new evidence has been presented; the arguments made amounted to a rehash of arguments previously made.  The fact that the Debtor's counsel proffered copies of emails supposedly confirming the availability of funding in the event that the Debtor is restored to possession does not change this conclusion.  In the numerous hearings held in this case, the Debtor had ample opportunity to present such evidence and pursue their motion to remove the Trustee, but did not do so.  "[A] party cannot use a Rule 59(e) motion to cure its own procedural failures or to introduce new evidence or advance arguments that could and should have been presented originally to the court."  <u>Scheidelman v. Henderson (In re Henderson)</u>, Bankr. No. 08-60255, Adv. No. 09-80035, 2010 WL 4366031, at *5 (Bankr. N.D.N.Y. Oct. 28, 2010).

To the extent that this is an application for a stay pending appeal, it is also denied.  An application for a stay pending appeal from a decision of a bankruptcy court is governed by Bankruptcy Rule 8005, which provides, in relevant part:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest. A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification, or termination was

> not obtained from the bankruptcy judge. The district court or the bankruptcy appellate panel may condition the relief it grants under this rule on the filing of a bond or other appropriate security with the bankruptcy court.

Fed. R. Bank. P. 8005.

> The decision as to whether or not to grant a stay of an order pending appeal lies within the sound discretion of the court. *See, e.g.,* In re Overmyer, 53 B.R. 952, 955 (Bankr. S.D.N.Y.1985) ("A motion for a stay pending appeal, as authorized under Bankruptcy Rule 8005, is discretionary.").
>
> Though the factors that must have to be satisfied have been stated in slightly different ways, and sometimes in a different order, it is established that to get a stay pending appeal under Rule 8005, a litigant must demonstrate that:
>
>> (1) it would suffer irreparable injury if a stay were denied;
>>
>> (2) there is a substantial possibility, although less than a likelihood, of success on the merits of movant's appeal;
>>
>> (3) other parties would suffer no substantial injury if the stay were granted; and that
>>
>> (4) the public interest favors a stay.
>
> *See, e.g.,* Hirschfeld v. Bd. of Elections, 984 F.2d 35, 39 (2d Cir.1992); In re DJK Residential, LLC, 2008 WL 650389 (S.D.N.Y. Mar.7, 2008) (Lynch, J.); In re WestPoint Stevens, Inc., No. 06 Civ. 4128, 2007 WL 1346616, at *4 (S.D.N.Y. May 9, 2007) (Swain, J.).
>
> The burden on the movant is a "heavy" one. *See, e.g.*, DJK, 2008 WL 650389 at *2; *see also* United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc., 44 F.3d 1082, 1084 (2d Cir.1995). To be successful, the party must "show satisfactory evidence on all four criteria." In re Turner, 207 B.R. 373, 375 (2d Cir. BAP 1997) (citations and internal quotation marks omitted).

> Moreover, if the movant "seeks the imposition of a stay without a bond, the applicant has the burden of demonstrating why the court should deviate from the ordinary full security requirement." <u>DJK</u>, 2008 WL 650389 at *2; <u>WestPoint Stevens</u>, 2007 WL 1346616, at *4.

<u>In re General Motors Corp.</u>, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009)

While a number of lower courts within the Second Circuit have held that the failure of the movant to satisfy any of the four criteria compels denial of a motion for a stay pending appeal, e.g., <u>In re Baker</u>, No. CV05-3487(CPS), 1-01-24227(DEM), 2005 WL 2105802, at *3 (E.D.N.Y. Aug. 31, 2005), other courts have approached the question as a balancing test, <u>e.g.</u>, <u>ACC Bondholder Grp.</u> v. <u>Adelphia Commc'ns Corp. (Adelphia Commc'ns Corp.)</u>, 361 B.R. 337, 347 (S.D.N.Y. 2007).  <u>See</u> <u>Albicocco v. Albicocco (In re Albicocco)</u>, No. 06-CV-3409 (JFB), 2006 WL 2620464, at *1 n. 2 (E.D.N.Y. Sept. 13, 2006) (collecting cases but declining to decide the appropriate standard).  Even under the less stringent balancing test standard, this application must be denied.  Though the movants present no analysis of the application of the standard to the facts of this case, this decision will discuss their motion within this framework.

(1)   <u>Irreparable Injury</u>

The movants do not explain in their papers why they will be irreparably injured if the sale goes forward pending appeal, but presumably they are concerned that, given the finding made in the Decision and Sale Order under § 363(m) that the purchaser acted in good faith, their appeal of the Sale Order will be equitably moot.  Although a majority of courts have found that the risk that an appeal may become moot in the absence of a stay does not constitute irreparable harm, others have found that the likely loss of appellate rights satisfies this requirement.  For the purposes of this decision, this Court will assume that this criterion is met by the movants.

(2)    Likelihood of Success on the Merits

Here, the moving parties have failed to show a substantial possibility of success on their appeal of the Sale Order.  The approval of the sale was supported by the record, and satisfied applicable legal requirements.  For the reasons set forth in the Decision, this Court finds that this criterion has not been met.

(3)    Harm to Other Parties

This factor requires the Court to assess the prejudice to other parties that would result if the stay is granted.  This Court found, in approving the sale, that the Hotel Property (as defined in the Decision) does not have funds to operate after March 31, when authority to use cash collateral terminates.  As a result, the Hotel would be forced to close.  Hotel employees would be laid off, and the value of the Hotel as a going concern would be diminished.  The benefits of the sale to Neshgold, the Union and Fund Creditors, and unsecured and administrative claimants would be lost.  This is a significant harm to the estate and its creditors, especially when the benefits of the sale are contrasted with the alternative offered by the Debtor under its proposed plan, which is fraught with problems and contingencies.  The proposed plan, moreover, was filed late in the sales process, on March 8, and no steps have been taken to move it toward confirmation, which normally takes a minimum of 60 days.  This criterion weighs against granting a stay.

(4)    Public Interest

To the extent that the public interest is implicated, this criterion weighs against a stay. The consummation of the sale will allow the Hotel to continue in business, providing jobs to its employees, and end labor disputes at the Hotel.

Case 1-10-50566-cec    Doc 260    Filed 03/31/11    Entered 03/31/11 17:29:53

In short, weighing the four criteria results in the conclusion that the application for a stay must be denied.

IT IS SO ORDERED



Dated: Brooklyn, New York
March 31, 2011

_____
Carla E. Craig
United States Bankruptcy Judge

6